**U.S. DEPARTMENT OF TREASURY, Appellant,**

v.

**Michael W. OWENS, Appellee.**

**Civil Action No. 08–0118.**

United States District Court, W.D. Pennsylvania.

May 9, 2008.

*MEMORANDUM and ORDER*

GARY L. LANCASTER, District Judge.

This is an appeal from an order of the Bankruptcy Court. Appellant, U.S. Department of Treasury (referred to as the IRS), contends that the Bankruptcy Court erred when it avoided nearly $15,000 in tax liens filed against Debtor Michael Owens's marital residence. However, finding no error in the Bankruptcy Court's findings or rulings, we affirm.

The facts of the case are set forth in detail in the Bankruptcy Court order challenged in this appeal. However, a short summary of the facts central to the legal issue raised by this appeal is warranted. These facts are not in dispute. Owens filed his bankruptcy petition on March 5,

2004. Owens received a discharge of his debts on April 19, 2005. Nearly nine months after Owens received the discharge, the IRS filed several notices of federal tax liens against Owens's property, including the marital residence he owns jointly with his wife. Owens's interest in the marital residence was exempted from the bankruptcy estate, effective March 16, 2005.

In particular, the IRS filed three notices of federal tax lien, one on January 13, 2006 and two on February 13, 2006, listing a total of eighteen assessments for unpaid employment taxes. Owens sought to avoid these liens. The Bankruptcy Court found that the thirteen assessments made before Owens filed his bankruptcy petition on March 5, 2004, were not avoidable. However, the Bankruptcy Court avoided five of the assessments on the ground that they were made between the time that Owens filed his bankruptcy petition (March 5, 2004), and the time that his interest in the marital residence reverted to him as exempt (March 16, 2005).[1] In total, the Bankruptcy Court avoided $14,766.52 of the $98,737.00 in federal tax liens filed by the IRS. The IRS alleges that the Bankruptcy Court erred in doing so because the avoided liens did not constitute a transfer of property of the estate, or, alternatively, because the transfers were specifically authorized under the Bankruptcy Code.

■ We review a bankruptcy court's conclusions of law *de novo*, and its findings of fact under a clearly erroneous standard. *Universal Minerals, Inc. v. C.A. Hughes &*

*Co.*, 669 F.2d 98 (3d Cir.1981); *Mellon Bank, N.A. v. Metro Communications, Inc.*, 945 F.2d 635 (3d Cir.1991). Under these standards, and upon a careful review of the records in both this court and the Bankruptcy Court, we affirm the opinion and order of the Bankruptcy Court. As an initial matter, we commend the Bankruptcy Judge on his well-reasoned and thorough opinion, which addresses arguments entirely neglected by the parties, and fills in the gaps in those that were made. It is apparent from reading the opinion, as compared to the briefs that the parties filed in the Bankruptcy Court, that the judge considered the issues independently, completely, and carefully before issuing his rulings. We find nothing in the briefs filed in this court to justify disturbing those rulings.

■ A debtor can avoid a federal tax lien pursuant to section 549 of the Bankruptcy Code. 11 U.S.C. § 549(a). Under that section, a four-part inquiry is raised: (1) whether a transfer of property occurred; (2) whether the property transferred was property of the estate; (3) whether the transfer occurred after commencement of the bankruptcy case; and (4) whether the transfer was authorized by the Bankruptcy Code. On appeal, the IRS raises two alternative arguments under this four-part test: (1) that the property transferred was not "property of the estate" and (2) that the transfer was specifically authorized under section 362(b)(9)(D) of the Bankruptcy Code.

---

1. The Bankruptcy Court avoided liens for assessments made on March 15, 2004, April 5, 2004, September 6, 2004, October 14, 2004, and April 4, 2005. First, we note that the October assessment was actually made on the 4th, not the 14th, day of the month according to the Notice of Federal Tax Lien filed with the Bankruptcy Court. However, the error has no effect on the Bankruptcy Court's anal-

ysis. Next, we note that the final avoided assessment was actually made after the marital residence had reverted to Owens on March 16, 2005. Under the Bankruptcy Court's analysis, it would appear that this final assessment, for $1,640.21, would not qualify for avoidance. However, no party has identified this as an error, or objected to the final assessment on that ground.

■ We are not convinced by the IRS's first argument, *i.e.*, that the tax liens did not constitute a transfer of property of the estate. The five liens that were avoided were in fact transfers of property of the estate. Section 101(54) defines a transfer to include "the creation of a lien." 11 U.S.C. § 101(54). A federal tax lien is created at the time an assessment is made. 26 U.S.C. § 6322. Therefore, any assessments that were made between the time that Owens filed his bankruptcy petition and the time that the marital residence reverted to him as exempt [2] were transfers of property of the estate.

■ Although it is difficult to parse out the IRS's argument on this point, it appears to contend that any tax assessments made between the date that Owens filed for bankruptcy and the date that his residence was deemed exempt never even reached the marital residence at all because an assessment only reaches a *taxpayer's* property interests and Owens had no property interest in the residence during that time period, it being property of the bankruptcy estate at that time. The Bankruptcy Court rejected this circular proposition in concluding that the "federal tax liens attached to all of [Owens's] property interests, including the marital residence which he owned with his [ ] wife as tenants by the entirety." We agree.

If a person refuses to remit tax payments to the government, the amount shall be a lien in favor of the United States upon all property and rights to property belonging to such person. 26 U.S.C. § 6321. The Supreme Court has given expansive interpretation to the phrase "upon all property and rights to property." *U.S. v. Nat'l Bank of Commerce*, 472 U.S. 713, 719–20, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985) (noting that the phrase includes ev-

ery interest in property that a taxpayer might have); 26 U.S.C. § 6322. We agree with the Bankruptcy Court that the statute encompasses Owens's interest in the marital residence. Therefore, the assessments were avoidable if they were made between the petition date (March 5, 2004) and the exemption date (March 16, 2005), during which time the marital residence was property of the estate. The IRS's first argument on appeal is not convincing.

Nor are we convinced by the IRS's second argument, *i.e.*, that the assessments and liens were specifically authorized by section 362(b)(9)(D) of the Bankruptcy Code. As an initial matter, the IRS never argued before the Bankruptcy Court that section 362(b)(9)(d) specifically authorized its activities. As such, the IRS's accusation that the Bankruptcy Court "failed to consider" that section in determining whether the transfers were authorized under the Bankruptcy Code is somewhat disingenuous.

In addition, we see no error in the Bankruptcy Court not independently considering section 362(b)(9)(D) given that the section addresses what effect the automatic stay has on certain tax activities, and not what transfers are specifically authorized by the Bankruptcy Code. Instead, those statutes considered in the Bankruptcy Court's opinion, and discussed above, regarding when a tax lien is created and when a transfer of assets occurs in the case of a lien address those issues.

Seeing no error in the Bankruptcy Court's opinion and order, we affirm. An appropriate order follows.

### ORDER

AND NOW, this 9th day of May, 2008, IT IS HEREBY ORDERED that the December 18, 2007 Memorandum Opinion

---

**2.** See note 1.

and Order of the U.S. Bankruptcy Court for the Western District of Pennsylvania in Adversary Proceeding Number 06–2694 is AFFIRMED.